UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEODORO ANAYA GARCIA,<br><br>Defendant. | No. 1:16-cr-00114-DAD-BAM-2<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 88) |

On November 17, 2017, defendant Teodoro Anaya Garcia pled guilty to conspiracy to manufacture, distribute, and/or possess with the intent to distribute 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846 as charged in Count One of the indictment. (Doc. Nos. 52 and 53.) On March 12, 2018, defendant was sentenced to 60 months in the custody of the Bureau of Prisons, a sentence which was at the low end of the range called for by the U.S. Sentencing Guidelines and the mandatory minimum sentence called for in light of the count of conviction. (Doc. Nos. 68, 69 and 70.)

**BACKGROUND**

On April 1, 2019, defendant filed the instant motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 88.) In his *pro se* motion, defendant identifies three possible grounds for relief. (*Id.*) First, defendant contends that he received ineffective assistance of counsel because "[p]rior to entering a guilty plea and being a first time

1

offender not familiar with the laws, I was not properly advised, but rather misinformed. A lack of communication in client attorney confidentiality." (*Id.* at 4.) Second, defendant contests the length of sentence imposed, because "[p]rior to pleading guilty I was promised a much shorter sentence by my attorney. And being my first offense, felt unsure with the advise [sic] I was given." (*Id.* at 5.) Third, defendant asserts that the third ground for his motion is "[m]y minimal r[o]le in these charges was apparent." (*Id.* at 6.) This is the entirety of the facts and argument presented by defendant Garcia in support of the § 2255 motion now pending before the court.

## APPLICABLE LAW

Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344–45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Such relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir.2008).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465

(9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted); *see also United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Withers*, 638 F.3d at 1062; *McMullen*, 98 F.3d at 1159. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

The clearly established federal law for ineffective assistance of counsel claims is *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that: (1) his counsel's performance was deficient; and (2) the "deficient performance prejudiced the defense." *Id*. at 687; *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel.").

Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id*. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington v. Richter*, 562 U.S. 86, 104 (quoting *Strickland*, 466 U.S. at 687).

The United States Supreme Court has confirmed that the Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To prevail on such a claim, however, a movant must demonstrate "'gross error on the part of counsel,'" *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann v. Richardson*, 397 U.S. 759, 772 (1970)), and that the advice he received from his counsel was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer." *Id*. (quoting *United States v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992)). It is also ineffective assistance "to fail to advise a client to enter a plea bargain when it is

3

clearly in the client's best interest." *Leonti*, 326 F.3d at 1117. However, defense counsel is not "required to accurately predict what the jury or court might find." *Turner*, 281 F.3d at 881; *see also McMann*, 397 U.S. at 771 ("[U]ncertainty is inherent in predicting court decisions."). Nor is counsel required to "discuss in detail the significance of a plea agreement," give an "accurate prediction of the outcome of [the] case," or "strongly recommend" the acceptance or rejection of a plea offer. *Turner*, 281 F.3d at 881. Although counsel must fully advise the defendant of his options, he is not "constitutionally defective because he lacked a crystal ball." *Id*. The relevant question is not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 771.

Finally, prejudice in this context is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To demonstrate prejudice where a defendant claims that trial counsel's defective advice caused him to accept a plea offer instead of proceeding to trial, a defendant must allege and ultimately demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

**ANALYSIS**

Having screened defendant's § 2255 motion, the court finds that it is plain on the face of the motion that defendant is not entitled to relief.

First, defendant contends that prior to pleading guilty, he was misinformed and not properly advised by his attorney, and that there was a "lack of communication in client attorney confidentiality." (Doc. No. 88 at 4.) Defendant's allegations in this regard are vague, conclusory and offer no specific facts from which the court can determine that defendant in fact received ineffective assistance of counsel. To the extent that defendant argues that he pleaded guilty only due to his counsel's urging, defendant's motion must also fail. Defendant's sworn statements given in both his written plea agreement and during the plea colloquy before this court belie his claim that his guilty plea was somehow involuntary. Of course, sworn statements made in open

court are presumed to be truthful. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."); *see also Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015). Here, defendant affirmed in both in his signed plea agreement and at the plea colloquy that he had adequate time to discuss his situation with his counsel, that his plea was entered voluntarily, that no promises other than those contained in his plea agreement had been made to him to get him to plead guilty, and that no one had coerced or threatened him in any way to enter his plea of guilty. (Doc. No. 52 at 10.) The plea agreement also contained a signed statement by defense counsel stating that counsel had discussed the plea agreement fully with his client. (*Id.*)

Second, defendant argues that his attorney "promised a much shorter sentence." (Doc. No. 88 at 5.) Again, defendant fails to provide any specific facts as to what his attorney promised him or exactly what length of sentence his attorney assured him he would receive. Without any such facts, defendant has not demonstrated that his lawyer's estimation was in fact inaccurate or that his lawyer's performance was otherwise deficient. Moreover, as noted above, defendant Garcia confirmed both in his plea agreement and at his change of plea hearing that no promises other than those contained in his plea agreement had been made to him to get him to plead guilty. In any event, the Ninth Circuit has expressly held that an inaccurate prediction of a sentence will not render counsel's performance deficient unless the mistake constitutes a "gross mischaracterization of the likely outcome." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986); *see also Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (defense counsel's inaccurate prediction of a sentence, without more, does not constitute ineffective assistance of counsel); *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) ("[A]n erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea."). Here, defendant provides no basis on which to determine that his attorney grossly mischaracterized the consequences of pleading guilty, because defendant does not allege with any specificity what information his attorney gave him. Defendant therefore cannot sustain his
/////

burden to show that he did not have adequate or accurate information to enable him to enter a plea knowingly.

Moreover, even if the court could conclude that counsel's promise of a "much shorter" sentence constituted deficient performance, defendant has failed to allege that he would not have accepted the government's plea offer and would have proceeded to trial absent his lawyer's allegedly erroneous advice. *See Aragon v. United States*, 963 F.2d 378 (9th Cir. 1992) ("An attorney's estimates regarding the sentence to be imposed or parole eligibility do not constitute ineffective assistance where the petitioner did not allege in the habeas corpus petition that he would not have pleaded guilty and would have gone to trial had he known what the sentence would actually be.") (citations omitted); *see also Hill*, 474 U.S. at 59; *United States v. Roberts*, 5 F.3d 365, 370 (9th Cir. 1993).

Finally, defendant contests his sentence on the ground that his "minimal r[o]le in these charges was apparent" (Doc. No. 88 at 6), and that, ostensibly, he should have received a downward adjustment in his offense level for his alleged minimal role in the conspiracy pursuant to United States Sentencing Guideline ("USSG") § 3B1.2.[1] Any such claim lacks merit on its face because defendant Garcia was, as noted above, sentenced to the minimum mandatory sentence[2] he could receive and thus suffered no prejudice by any failure on his counsel's part to argue for a role adjustment that would have had no impact on the sentence he received. *See United States v. Rodriguez*, Case No. 11CR5233 DMS, 2014 WL 12621616, at *1 (S.D. Cal. June 5, 2014).[3]

---

[1] Section 3B1.2 provides for a two to four-level decrease of the offense level if the defendant was a "minimal" or "minor participant" in the offense in question.

[2] The plea agreement which defendant Garcia signed acknowledged that the offense to which he was pleading guilty carried with it a five–year minimum mandatory sentence. (Doc. No. 52 at 7.)

[3] Even had the minimum mandatory sentence not applied, defendant Garcia has not established that he would have been entitled to relief. Amendment 794 to USSG § 3B1.2 provides a non-exhaustive list of factors that a court should consider in determining whether a defendant played a minor role in an offense thereby qualifying for a role reduction under the Guidelines. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The defendant bears the burden of proving the applicability of a role adjustment by a preponderance of the evidence. *See United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994) (citing *United States v. Sanchez*, 908 F.2d

Moreover, to the extent that defendant argues that his counsel was ineffective for failing to pursue a downward adjustment for role in the offense, this claim arose after defendant Garcia entered into his plea agreement, which contains a waiver of collateral attack of any part of his plea or sentence. Section VII of defendant's plea agreement provides: "The defendant agrees as part of his plea/pleas . . . to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the maximum sentence allowable by law." (Doc. No. 52 at 8.) If such a waiver contained in a plea agreement is valid, the court lacks jurisdiction to consider a collateral challenge to defendant's sentence. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of right to file petition under 28 U.S.C. § 2254 was valid, the district court lacked jurisdiction to hear the case). The test of a waiver's validity is whether it was made knowingly and voluntarily. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994) ("We have . . . stated repeatedly that a waiver of appellate rights is enforceable only if knowingly and voluntarily made.") (citation and quotation marks omitted).

As discussed above, there is no basis for the court to conclude that the plea agreement, and defendant's waiver of his right to appeal or collaterally attack his plea and sentence contained therein, was not entered knowingly and voluntarily. Because defendant's third ground for relief concerns his sentence, and not the validity of his guilty plea, the claim is barred and the court lacks jurisdiction to hear it. *See United States v. Racich*, 35 F. Supp. 2d 1206, 1218 (S.D. Cal. 1999) (holding that a plea agreement's waiver provision bars claims of ineffective assistance of counsel that do not implicate the validity of the waiver itself), *aff'd*, 215 F.3d 1335 (9th Cir.

---

1443, 1449 (9th Cir. 1990)).
At sentencing, defendant Garcia failed to provide any regarding his role in the conspiracy. Indeed, he did not object to the presentence investigation report's recommendation that no such adjustment be made. Defendant now argues that he was entitled to a downward adjustment, asserting in conclusory fashion that his minimal role was "apparent" and nothing more. (Doc. No. 88 at 6.) However, the factual basis for defendant's plea states that he lived at the marijuana grow site where approximately 4,669 marijuana plants were seized, helped transport supplies, equipment, and food to the site and possessed a 12-gauge shotgun there. (Doc. No. 52 at 11.) Based on that factual basis and without any other evidence, a downward adjustment for playing a minor role in the offense in question would not have been called for in any event.

7

2000); *see also United States v. Magueflor*, 220 Fed. App'x 603, 604–05 (9th Cir. 2007) [4] ("Ineffective assistance *after* [defendant] signed the agreement, of course, cannot invalidate the waiver provision.").

For all the reasons set forth above, defendant's motion to vacate, set aside, or correct his sentence (Doc. No. 88) pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Dated: **May 2, 2019**

                                              UNITED STATES DISTRICT JUDGE

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).